IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROSE ANN ROSSI, ) | JUDGE ZAGEL |
| ) | |
| Plaintiff, ) | 02C 9015 |
| ) | |
| v. ) | |
| ) | MAGISTRATE JUDGE LEVIN |
| DOROTHY BROWN, Clerk of the ) | |
| Circuit Court of Cook County in her ) | |
| individual capacity and in her official ) | JURY TRIAL REQUESTED |
| capacity for injunctive relief purposes, ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

NOW COMES THE PLAINTIFF, Rose Ann Rossi, by her attorneys, and hereby complains against the defendant as follows:

## I. INTRODUCTION

1. This action is brought pursuant to 42 U.S.C. § 1983 on behalf of a career service employee of the Circuit Court of Cook County, Illinois, who was illegally terminated from her job without due process after the election of Dorothy Brown as Clerk of the Circuit Court. Plaintiff seeks reinstatement to her former position, compensatory and punitive damages and attorneys fees.

## II. PARTIES

2. Rose Ann Rossi is a resident of the Village of Norridge, Illinois, County of Cook, who, at the time of her termination, was employed by the Office of the Circuit Court Clerk of



Cook County in the career service position of Electronic Information Director, MIS Department. Rossi had been employed at the Clerk's office since 1970.

3. Defendant Dorothy Brown, is the Clerk of the Circuit Court of Cook County. As such, she is responsible for the implementation and administration of employment policies and practices within the Office of the Clerk of Circuit Court. The actions taken by Ms. Brown herein were taken under color of state law. Ms. Brown is sued for damages in her individual capacity only and for injunctive relief in her official capacity.

### III. FACTUAL ALLEGATIONS

4. Plaintiff was employed by the Office of the Clerk of the Circuit Court of Cook County in a position with the Clerk determined to be a career service position within the meaning of the General Rules and Regulations of the Human Resources Department of the Clerk of the Circuit Court of Cook County, Part I Section 2.4. This section defines "Career Service" as "any position where it has been determined that membership in a political party or party affiliation is not an appropriate requirement for the effective performance of the duties of the Clerk's Office."

5. Career Service employees in the Clerk's office can only be terminated for cause and are entitled to a hearing prior to termination.

6. By letter dated December 14, 2000, Defendant Brown informed plaintiff that she had analyzed the functions of each Division and Plaintiff's position of Electronic Information Director. Defendant Brown informed plaintiff that she had determined that plaintiff was an "at-will" employee. On information and belief no such analysis was completed by defendant.

7. On January 11, 2001, Defendant Brown, by and through her agents, forced plaintiff to take a demotion to a Grade 20 position with a resignation date of October 31, 2001.

2

8. Under the General Rules and Regulations of the Human Resources Department, employees who are designated as "at will" have no right to a hearing prior to their termination, nor are they afforded an opportunity to appeal their termination to the Clerk's Personnel Review Board, while the Clerk's rules provide that "career service" employees are entitled to file a grievance contesting employment decisions. By arbitrarily changing the plaintiff's employment designation from "career service" to "at will," defendant deprived plaintiff of the right to a hearing which would have been extended to her as a "career service" employee.

8. As a result, there were no state due process remedies available to plaintiff which would satisfy her constitutional rights.

9. The actions of defendant Brown were malicious and taken with reckless disregard for the constitutional rights of the plaintiff. Defendant was fully aware that the plaintiff was in a career service position, and that it was a violation of the plaintiff's Fourteenth Amendment Rights to be fired from her job without a hearing.

10. Plaintiff has suffered and will suffer substantial economic loss as a result of the termination of her job, including lost past and future wages, fringe and retirement benefits.

11. Plaintiff has suffered and will suffer substantial emotional distress, embarrassment, ostracism and loss of civil rights.

## FIRST AMENDED CLAIM FOR RELIEF

12. The actions of the defendant, under color of state law, in terminating plaintiff's employment in violation of her constitutional rights to due process, violate 42 U.S.C. § 1983.

## SECOND AMENDED CLAIM FOR RELIEF

13. The actions of the Defendant, under color of state law, in summarily classifying

3

plaintiff as an "at will" employee without conducting a hearing or investigation of plaintiff's job duties violated plaintiff's due process rights in violation of 42 U.S.C. § 1983.

WHEREFORE, the plaintiff respectfully requests that this Court:

A. Try this case to a jury;

B. Grant injunctive relief to plaintiff restoring her to her job with full back pay, benefits and seniority;

C. Award plaintiff compensatory damages to compensate her for her economic and intangible losses related to the unconstitutional actions of the defendant;

D. Award plaintiff punitive damages against the defendant for her willful, wanton and reckless violation of the plaintiff's constitutional rights;

E. Award plaintiff attorneys fees and costs pursuant to the Civil Rights Attorneys Fees Act, 42 U.S.C. § 1988;

F. Grant such other relief as this Court may see fit.


Respectfully submitted,

*Miriam N. Geraghty*
Miriam N. Geraghty

Miriam N. Geraghty, Esq.
KINOY, TAREN & GERAGHTY, P.C.
224 S. Michigan Ave. Suite 300
Chicago, IL 60604
Tel (312) 663-5210
Fax (312) 663-6663
Federal I.D. # 2796821

4

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS



# Civil Cover Sheet

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use <u>only</u> in the Northern District of Illinois.

**Plaintiff(s):** ROSE ANN ROSSI

County of Residence: Cook

Plaintiff's Atty: Miriam N. Geraghty
Kinoy, Taren & Geraghty, P.C.
224 S. Michigan Ave, #300,
Chicago, IL 60604
(312) 663-5210

**Defendant(s):** DOROTHY BROWN, Clerk of the Circuit Court of Cook County in her individual capacity and in her offical capacity for injunctive relief purposes.

County of Residence: Cook

Defendant's Atty:

JUDGE ZAGEL
02C 9015
MAGISTRATE JUDGE LEVIN

II. Basis of Jurisdiction: 3. Federal Question (U.S. not a party)

III. Citizenship of Principal Parties (Diversity Cases Only)
Plaintiff:- N/A
Defendant:- N/A

IV. Origin : 1. Original Proceeding

V. Nature of Suit: 440 Other Civil Rights

VI. Cause of Action: 42 U.S.C. Section 1983

DOCKETED
DEC 13 2002

VII. Requested in Complaint
Class Action: No
Dollar Demand:
Jury Demand: Yes

VIII. This case **IS NOT** a refiling of a previously dismissed case.

**Signature:** /s/ Miriam N. Geraghty
**Date:** 12/12/02

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
## Eastern Division

**JUDGE ZAGEL**

In the Matter of

ROSE ANN ROSSI,
　Plaintiff,
v.
DOROTHY BROWN, Clerk of the Circuit Court, in her individual capacity and in her official capacity for injunctive relief purposes,
　Defendant.

Case Number: **02C 9015**

**MAGISTRATE JUDGE LEVIN**

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

Plaintiff

| (A) | (B) |
|---|---|
| SIGNATURE /s/ Miriam N. Geraghty | SIGNATURE |
| NAME Miriam N. Geraghty | NAME |
| FIRM Kinoy, Taren & Geraghty, P.C. | FIRM |
| STREET ADDRESS 224 South Michigan Ave, Suite 300 | STREET ADDRESS |
| CITY/STATE/ZIP Chicago, IL 60604 | CITY/STATE/ZIP |
| TELEPHONE NUMBER (312) 663-5210 | TELEPHONE NUMBER |
| IDENTIFICATION NUMBER 0937150 | IDENTIFICATION NUMBER |
| MEMBER OF TRIAL BAR? YES ✔ NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO ☐ |
| TRIAL ATTORNEY? YES ✔ NO ☐ | TRIAL ATTORNEY? YES ☐ NO ☐ |
|  | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME | NAME |
| FIRM | FIRM |
| STREET ADDRESS | STREET ADDRESS |
| CITY/STATE/ZIP | CITY/STATE/ZIP |
| TELEPHONE NUMBER | TELEPHONE NUMBER |
| IDENTIFICATION NUMBER | IDENTIFICATION NUMBER |
| MEMBER OF TRIAL BAR? YES ☐ NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO ☐ |
| TRIAL ATTORNEY? YES ☐ NO ☐ | TRIAL ATTORNEY? YES ☐ NO ☐ |
| DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |



DOCKETED DEC 13 2002